UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

CLARISE ARMSTEAD, ET AL.     *CIVIL ACTION NO. 6:11-2136

VERSUS     *JUDGE DOHERTY

MULTI-CHEM GROUP, LLC., ET AL.     *MAGISTRATE JUDGE HILL

MEMORANDUM RULING

Pending before the undersigned is the plaintiffs' Motion to Remand this suit to the 16th Judicial District Court for Iberia Parish, Louisiana. [rec. doc. 9]. Defendants, Multi-Chem Group, LLC ("Multi-Chem"), Nathan Walker ("Walker") and Aaron Gauthier ("Gauthier"), (collectively the "removing defendants"), have filed opposition [rec. doc. 13], to which plaintiffs have filed a Reply. [rec. doc. 19]. Oral argument on the Motion was held and the matter was taken under advisement. For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and accordingly, this lawsuit will be remanded to state court.

BACKGROUND

This lawsuit arises out of an explosion and fire that occurred at Multi-Chem's facility in New Iberia, Louisiana on June 14, 2011.[1] The plaintiffs in this lawsuit are 855 individuals whose homes are located near the Multi-Chem facility.[2] Each plaintiff claims

---

[1]     Rec. Doc. 1-2, ¶ 2.

[2]     Rec. Doc. 1-2, Ex. A, and ¶ 4.

to have been exposed to hazardous fumes from the explosions and fire.[3] All of the plaintiffs seek to recover damages for pain and suffering for "skin irritation and rash, particulate expectoration, burning eyes with yellow discharge, nausea, diarrhea, loss of appetite, memory loss, respiratory distress and exacerbation of existing respiratory issues"; medical and pharmaceutical expenses; mental anguish; evacuation expenses; lost wages; property damages; damages for diminution of the value of property; and exemplary and punitive damages.[4]

Plaintiff's claim for exemplary and punitive damages, asserted under Texas law, is based on the alleged intentional and reckless failure of Multi-Chem's headquarters in Texas to prevent the accident and resultant injuries by implementing appropriate policies, utilizing appropriate equipment, assuring compliance with laws and regulations and adequately training and supervising employees.[5]

The following stipulation is contained in the Petition which was filed in the 16th Judicial District Court, for Iberia Parish, Louisiana:

> Each plaintiff specifically alleges and stipulates that he/she has not sustained individual damages, including punitive or exemplary damages, in excess of $75,000.00, exclusive of Interest and costs; that he/she does not seek damages that would meet or exceed the jurisdictional amount in controversy of a federal court sitting in diversity; and that he/she will not amend the Petition to request class certification.[6]

---

[3] Rec. Doc. 1-2, ¶ 4.

[4] Rec. Doc. 1-2, ¶ 19.

[5] Rec. Doc. 1-2, ¶ 18.

[6] Rec. Doc. 1-2, ¶ 20.

In their Petition, the plaintiffs name not only Multi-Chem, but also name two of Multi-Chem's employees, Gauthier and Walker. Walker is alleged to be a supervisory employee of Multi-Chem, a "blending manager", who instructed Gauthier to mix chemicals, a task he, Gauthier, had never performed before, without providing any guidance or supervision, after incorrectly informing Gauthier that the sequence of adding ingredients was unimportant.[7] This procedure, along with Gauthier's use of a contaminated tote, caused the fire which is the subject of this litigation.[8] Multi-Chem is alleged to have delegated the duty of care it owed to plaintiffs to "corporate officers or employees, Walker and/or Gauthier" who then breached this duty through their personal fault.[9] Walker is alleged to have delegated a dangerous task to an untrained inexperienced employee, while Gathtier is alleged to have been negligent by proceeding to attempt the task, despite knowing he was unqualified to perform it.[10]

The removing defendants removed the action on December 12, 2011, alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).[11] More specifically, the removing defendants cite CAFA's provisions pertaining to "class actions" under § 1332(d)(2) - (10), alleging that this action is "in

---

[7] Rec. Doc. 1-2, ¶ 3.

[8] Rec. Doc. 1-2, ¶¶ 3 and 4.

[9] Rec. Doc. 1-2, ¶ 14.

[10] Rec. Doc. 1-2, ¶ 5.

[11] Rec. Doc. 1.

substance and fact a 'class action' as defined by CAFA" and that all of the requirements for the exercise of this court's jurisdiction of this purported "class action" under CAFA have been met because there are more than 100 plaintiffs, minimal diversity exists and the aggregate amount in controversy exceeds $5,000,000.00.[12]

The removing defendants further allege that none of the exceptions to the exercise of CAFA jurisdiction under the provisions pertaining to "class actions" set forth in § 1332(d)(3) - (5) are applicable because, for purposes of the "home state exception" (§ 1332(d)(4)(B)), the" local controversy" exception (§ 1332(d)(4)(A)) and discretionary exception (§ 1332(d)(3)), Gauthier and Walker are not "primary defendants", who have been fraudulently joined to defeat this court's jurisdiction and their citizenship should therefore be disregarded.[13]

The instant Motion to Remand was filed on January 9, 2012. In the instant Motion, plaintiffs contend that this court lacks jurisdiction under CAFA. More specifically, the plaintiffs argue that federal jurisdiction under CAFA's provisions pertaining to "class actions" does not exist because the instant lawsuit is not a "class action" as defined under CAFA because the case has not been filed as a representative action and also because neither Gauthier nor Walker have been fraudulently joined.

Plaintiffs additionally argue that federal jurisdiction under CAFA's provisions pertaining to "mass actions" does not exist because this lawsuit does not qualify as a

---

[12] Rec. Doc. 1, ¶ III - XI.

[13] Rec. Doc. 1, ¶ XXVI - XXIX, XIX - XXV.

"mass action" because the "event or occurrence" exception removes this case from the reach of CAFA and because the defendants have failed to demonstrate that any plaintiff's claim exceeds $75,000 for exercise of jurisdiction under CAFA's provisions applicable to "mass actions."

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *In re Vioxx Products Liability Litigation*, ____ F.Supp.2d ____, 2012 WL 10552, *2 (E.D. La. 2012). Accordingly, the party removing to federal court has the burden of establishing jurisdiction under CAFA. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007). Once CAFA jurisdiction is established, a party seeking remand has the burden of proving by a preponderance of the evidence that an exception to CAFA jurisdiction applies. *Id.*

**CAFA Jurisdiction**

Congress enacted CAFA to encourage federal jurisdiction over interstate class action lawsuits of national interest. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc*., 485 F.3d 793, 797 (5th Cir. 2007). Under § 1332(d)(2), CAFA authorizes removal of a "class action", provided the "class action" satisfies a basic jurisdictional test. This test requires a removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more. *Id.* Minimal diversity is satisfied when

one plaintiff is diverse from one defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, fn. 12 (2005). The putative class must also consist of at least 100 class members. 28 U.S.C. § 1332(d)(5)(B).

CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

It is clear that Congress emphasized that the term "class action" should be defined broadly to prevent "jurisdictional gamesmanship".[14] It is equally clear that in determining whether there is jurisdiction, federal courts look to the substance of the action and not only at the labels that the parties may attach. *See Louisiana ex rel Caldwell v. Allstate Insurance Co.,* 536 F.3d 418, 424 (5th Cir. 2008) *citing Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir.1990). Nevertheless, the definitive aspect of a CAFA-removable "class action" under 1332(d)(2) is that the action be a *representative* action *authorized by a statute* or rule of procedure *that authorizes a class action*.

The action sought to be removed in this case is not a representative action, nor is the action brought under a statute or rule authorizing a class action.[15] To the contrary, this action has not been filed under any statute authorizing a class action, there is no class

---

[14] *See* S.Rep. No. 109-14, at 35 (2005), reprinted in 2005 U.S.C.C.A.N. 3.

[15] A class-action equivalent of Federal Rule 23 exists in Louisiana. La. Code Civ. Proc. arts. 591-597. A suit brought under those provisions would fit neatly into CAFA's class action definition. However, the plaintiffs have not invoked these Louisiana statutes.

representative, nor any class allegations pled; each plaintiff is proceeding in his or her own individual capacity. Furthermore, there is no likelihood that this action will ever be a class action as each plaintiff has stipulated in the Petition "that he/she will not amend the Petition to request class certification."[16]

This court cannot stretch the definition of "class action" beyond the limits set by Congress, and Congress tied the scope of CAFA "class actions" to representative actions filed under Federal Rule of Civil Procedure 23 or its state law equivalent. *See In re Vioxx Products Liability Litigation*, ____ F.Supp.2d ____, 2012 WL 10552, *7-8 (E.D. La. 2012) *citing Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011), *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.,* 646 F.3d 169 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S.Ct. 761, 181 L.Ed.2d 484 (2011), and *LG Display Co., Ltd. v. Madigan*, 665 F.3d 768 (7th Cir. 2011).[17]

---

[16]Additionally, given the predominance requirement of Rule 23, it is unlikely that any proposed class could be certified. Although there are common liability issues, the myriad of uncommon disparate questions requiring individualized proof, including specific causation, medical causation, damages and other issues individual to each plaintiff's alleged injury, would probably preclude a finding of predominance. *See Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601-04 (5th Cir. 2006) and *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231 (1997).

[17]This conclusion is buttressed by the separate provisions which authorize removal of a "mass action" in § 1332(d)(11), discussed below. Section 1332(d)(11)(A) excludes from the definition of "mass actions" those civil actions that fall within the scope of 28 U.S.C. § 1711(2). Section 1711(2) provides:
> The term "class action" means any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action"

If an action removed under 1332(d)(2) as a "class action" included cases which were not filed as representative actions authorized by a State statute or rule of procedure that authorizes a class action, there would have been no need for Congress to have provided separate removal provisions for "mass actions" which do not meet these procedural requisites.

7

Stated differently, there is no CAFA jurisdiction under § 1332(d)(2) unless the suit has been brought as a representative action under a Rule 23 equivalent in state court. *See Id.* That is not the case here. A plain reading of the statutory definition of "class action" therefore necessarily excludes this case. Accordingly, this court lacks jurisdiction under CAFA's provisions pertaining to "class actions."

This does not end the court's jurisdictional inquiry. While the removing defendants removed this case under CAFA as a "class action", under § 1332(d)(11), CAFA also authorizes removal of a "mass action." A "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). In their Opposition to the instant Motion, the removing defendants argue that the plaintiffs' action qualifies as a "mass action" under CAFA, and, accordingly, this court has jurisdiction. The undersigned disagrees.

A "mass action" must satisfy the same three threshold jurisdictional requirements applicable to "class actions": (1) the aggregate value of the claims exceeds $5,000,000; (2) there are at least 100 class members; and (3) there is minimal diversity, that is, where at least one plaintiff and one defendant are from different states. 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1332(d)(2); *Coleman v. Price Co.*, 2012 WL 1118767, * 2 (E.D. La. 2012).

However, in addition to these threshold requirements §1332(d)(11)(B)(i) further requires that jurisdiction extends only to those plaintiffs who seek recovery in excess of

8

$75,000. 28 U.S.C. § 1332(d)(11)(B)(i); *Coleman*, 2012 WL 1118767 at *2.

Plaintiffs argue, in the alternative, that their claims are not subject to CAFA's "mass action" provisions because the defendants have failed to establish that each plaintiff asserts claims worth more than $75,000 in damages, citing the stipulation set forth in their Petition and the lack of any evidence submitted by the removing defendants to contradict their allegations. The removing defendants, however, argue that the plaintiffs' stipulation is ineffectual and that the plaintiffs have failed to carry their burden of establishing, to a legal certainty, that their claims do not satisfy the $75,000 threshold.

The courts have wrestled with the question of whether all plaintiffs in a mass action must have a minimum amount in controversy of $75,000 each in order for the court to have jurisdiction, or whether the court can individually remand those plaintiffs whose claims are determined to be below the $75,000 threshold, thus rendering the $75,000 threshold non-jurisdictional.

The Eleventh Circuit in *Lowery v. Alabama Power Company* 483 F.3d 1184 (11th Cir. 2007) recognized the question, but never answered it because the court determined that the defendant had failed to meet its preliminary jurisdictional obligation of showing the aggregate amount in controversy to be over $5,000,000. *Lowery* at 1206-1207 ("Because we hold . . . that the defendants have not established the $5 million aggregate amount in controversy, we need not decide today whether the $75,000 provision might yet create an additional threshold requirement that the party bearing the burden of

9

establishing the court's jurisdiction must establish at the outset, i.e., that the claims of at least one of the plaintiffs exceed $75,000").[18] In so doing, the court suggested that the provision could not be read as requiring all plaintiffs in a mass action have a minimum amount in controversy of $75,000. *Id.* at 1204.

The Ninth Circuit, however, answered the question in *Abrego v. Dow Chemical Company,* 443 F.3d 676 (9th Cir. 2006), concluding that the threshold requirement to be borne by the party trying to demonstrate the existence of jurisdiction under § 1332(d)(11) is to show that there is *at least one plaintiff* whose claim exceeds $75,000. *Abrego* at 689 ("Dow [the removing defendant] has not established that even one plaintiff satisfies the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i)" accordingly, remand was required).

The Ninth Circuit reasoned that, regardless of whether removal under CAFA was proper based on the aggregate amount in controversy, "the case cannot go forward unless there is at least one plaintiff whose claims can remain in federal court." *Id.* Thus, because the removing defendant failed to satisfy its burden of establishing "that *any* plaintiff's claim satisfies the $75,000 jurisdictional requirement" in either the notice of removal or in response to the district court's order requiring the removing defendant to

---

[18]In a latter footnote, the *Lowry* court noted that although it found the defendants' argument that the burden of proving which, if any, of the plaintiff's claims exceed the $75,000 threshold should be borne by the plaintiffs, compelling, the court nevertheless declined to address the issue. *Lowery*, 483 F.3d at 1208, n.55 ("The defendants urge us to read *Evans* as shifting the burden onto the plaintiffs to prove which, if any, of the plaintiffs do not have claims exceeding the $75,000 amount in controversy included in 28 U.S.C. §1332(d)(11)(B)(i). Although we find the argument quite compelling, we decline to address it here").

provide a factual basis to support a finding that the $75,000 threshold was satisfied by "the claims made by *any single plaintiff* . . . remand of each and every plaintiff to state court was appropriate." *Id*. at 689-690 (emphasis in original).

In this case, as in *Abrego*, the removing defendants have not established, either in their notice of removal or in response to the instant Motion to Remand, that even one plaintiff satisfies the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i). In their Notice of Removal, the removing defendants do not even allege that the $75,000 threshold set forth in § 1332(d)(11)(B)(i) exists, much less that it is satisfied by any plaintiff in this action.

Likewise, in response to the instant Motion, the defendants presented no evidence to support a finding that the $75,000 threshold is satisfied by "the claims made by *any single plaintiff."* Instead, the removing defendants merely argue that the plaintiffs' stipulation in their Petition is ineffectual, without first demonstrating, by a preponderance of the evidence, that the $75,000 threshold is met by any single plaintiff.

In cases such as this, where the plaintiffs have affirmatively alleged the amount in controversy is below the jurisdictional minimum for diversity jurisdiction, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Consequently, the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.

provide a factual basis to support a finding that the $75,000 threshold was satisfied by "the claims made by *any single plaintiff* . . . remand of each and every plaintiff to state court was appropriate." *Id*. at 689-690 (emphasis in original).

In this case, as in *Abrego*, the removing defendants have not established, either in their notice of removal or in response to the instant Motion to Remand, that even one plaintiff satisfies the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i). In their Notice of Removal, the removing defendants do not even allege that the $75,000 threshold set forth in § 1332(d)(11)(B)(i) exists, much less that it is satisfied by any plaintiff in this action.

Likewise, in response to the instant Motion, the defendants presented no evidence to support a finding that the $75,000 threshold is satisfied by "the claims made by *any single plaintiff."* Instead, the removing defendants merely argue that the plaintiffs' stipulation in their Petition is ineffectual, without first demonstrating, by a preponderance of the evidence, that the $75,000 threshold is met by any single plaintiff.

In cases such as this, where the plaintiffs have affirmatively alleged the amount in controversy is below the jurisdictional minimum for diversity jurisdiction, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Consequently, the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.

*DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. *DeAguilar*, 47 F.3d at 1412. The defendant must produce evidence that establishes that the actual amount in controversy exceeds $75,000. *Id.*

Once a defendant meets his burden to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, unless the plaintiff shows that it is legally certain that his recovery will not exceed the amount stated in the state Petition. *Id.* Thus, at this point, for a court to refuse jurisdiction, "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. citing St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 590.

In this case, the defendants have submitted no evidence to support a finding by a preponderance of the evidence that the amount in controversy for any plaintiff's claim in this action exceeds $75,000. Rather, the defendants assert that the $75,000 threshold is facially apparent because the types of damages sought to be recovered by the plaintiffs in this case are similar to the categories of damages sought to be recovered by the plaintiffs

in *In re Exxon Chemical Fire*[19], where the Fifth Circuit found the $5,000,000 amount in controversy requirement satisfied. More specifically, the removing defendants conclusorily assert that on the basis of *In re Exxon Chemical Fire*, the "Defendants have established that the Plaintiffs claims meet the threshold $5,000,000 jurisdictional requirement for CAFA application, and also that Plaintiffs' claims individually meet the $75,000.00 amount in controversy requirement for this action to be properly considered a "mass action" under CAFA."[20]

The defendants' reasoning is unpersuasive for many reasons, most notably, because Magistrate Judge Hanna expressly rejected this reasoning in two other actions arising from the Multi-Chem New Iberia explosions and fire which were removed to this court by these same defendants, albeit on the basis of diversity jurisdiction under § 1332(a). *See Broussard v. Multi-Chem,* 6:11-cv-1280, Rec. Doc. 24; *Mergist v. Multi-Chem*, 6:11-cv-1821, Rec. Doc. 21.

In those cases, Judge Hanna reasoned that the *type* of damages sought to be recovered does not determine whether the $75,000 amount in controversy requirement has been satisfied, the *amount* of damages sought to be recovered governs the inquiry, and the defendants had presented no evidence to establish that amount. *Id*. He further reasoned that although there are certain situations in which the nature of the alleged injury or the

---

[19] 558 F.3d 378, 388 (5th Cir. 2009).

[20] Rec. Doc. 13, pg. 6.

13

type of damages claimed will support a conclusion that the amount-in-controversy threshold has been crossed, this case is not such a case. *Id.* Further, Judge Hanna rejected the defendants' reliance on *In re Exxon Chemical Fire* because the Fifth Circuit did not find that the jurisdictional amount was facially apparent *because* of the types of damages claimed by the plaintiffs, but instead, the court was merely making two consecutive points: Exxon met its burden, and certain types of damages were claimed. *Id*.

Finally, as in Judge Hanna's cases, the defendants cited no other cases to compare the plaintiffs' claims with awards in similar cases. Perhaps this is so because, as noted by Judge Hanna, awards in similar chemical release cases do not approach the jurisdictional threshold.[21] *See Id. citing Howard v. Union Carbide Corp.*, 50 So.2d 1251, 1256 (La. 2010) *citing In re New Orleans Train Car Leakage Fire Litigation*, 903 So.2d 9 (La. App. 4th Cir. 2005), *writ denied*, 922 So.2d 1171 (La. 2006).

This case differs than those considered by Judge Hanna because of the plaintiffs'

---

[21]Judge Hanna wrote as follows:
[*Howard* held] that an award in the range of $100 to $500 per plaintiff was appropriate when the "claimants suffered relatively minor symptoms from their exposure, such as watering eyes, nose or throat irritation, coughing, and headaches. None of the claimants sought or required medical attention as a result of the exposure. They were not required to evacuate from the area as a result of the chemical release, nor did they miss any work or school." This was contrasted with an award of $5,000 to $15,000 for physical damages and from $2,000 to $5,000 for mental anguish awarded in another Louisiana state-court chemical release case. In the latter case, the chemical release took place over a three-day period, the plaintiffs living near the site were displaced from their homes, some of them sought medical treatment, and some had physical or mental symptoms that lasted for a period of months. Based on the scant information supplied by the plaintiffs in their Petition in the instant case, it appears that the plaintiffs in this case might have sustained injuries worse than those in the first cited case but perhaps not as bad as those in the second cited case. Even if their injuries were as bad as those of the plaintiffs in the second case, however, their damages would not approach the jurisdictional threshold.

14

request for punitive damages. However, in the absence of evidence or comparison cases supporting an award exceeding the $75,000 threshold in similar cases, the undersigned cannot find that this request would tip the scales over the jurisdictional threshold of any single plaintiff. This is particularly true in this case given that it is not entirely clear that punitive damages are available in this case; the claim is asserted under Texas law in this Louisiana state court action.

For these reasons, the undersigned finds that the defendants have failed to satisfy their burden of proof demonstrating that *any* single plaintiff's claim exceeds this court's $75,000.00 jurisdictional minimum. As was the case in *Abrego*, regardless of whether removal under CAFA was proper based on the $5,000,000 aggregate amount in controversy, "the case cannot go forward unless there is at least one plaintiff whose claims can remain in federal court." Remand is therefore properly granted.

Furthermore, even if the removing defendants had established that any plaintiff's claim exceeded the $75,000 jurisdictional minimum, the plaintiffs have demonstrated that this action is nevertheless not properly before this court under the "event or occurrence" exclusion to "mass action" removal.

Under the "event or occurrence" exclusion, the term "mass action" excludes any civil action in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State . . . ." 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

15

The removing defendants argue that this exclusion does not apply because the plaintiffs have alleged "injury-causing conduct" which occurred in the State of Texas. More specifically, the removing defendants argue that the plaintiffs' claim for punitive damages, asserted under Texas law, and involving allegations of tortious conduct by personnel in Multi-Chem's headquarters in the State of Texas precludes application of the exception in this case. In essence, the removing defendants argue that the "event or occurrence" referred to by the statute must be conduct of the defendant occurring in Louisiana, not out-of-state conduct of the defendant resulting in in-state injuries.

The undersigned cannot except this strained interpretation of the statute. The exception clearly does not focus not on the defendant's conduct. Rather, the exception focuses on whether the plaintiffs' claims "arise from" a single event or occurrence in the forum state that results in injuries in the forum state. The event or occurrence is therefore the in-state injury producing incident itself that gave rise to the plaintiff's claims for injuries sustained in-state, not the in-state or out-of-state conduct of any defendant which may have caused or contributed to the incident. In this case, that singular injury producing incident was the June 14, 2011 explosion and fire that occurred Multi-Chem's New Iberia, Louisiana facility.

The legislative history of CAFA supports the court's interpretation, making clear that the exception was intended to apply "only to a truly local single event with no substantial interstate effects" in order to "allow cases involving environmental torts such as a chemical spill to remain in state court if both the event [the chemical spill] and the

injuries were truly local, even if there are some out-of-state defendants" S.Rep. No. 109–14, at 47 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 44.

Accordingly, courts have consistently construed the "event or occurrence" language to apply only in cases involving a single event or occurrence in the forum state, such as an environmental accident, chemical spill or a building collapse, that gives rise to the plaintiffs' claims for injuries suffered in the forum state. *Abednego v. Alcoa, Inc.*, 2011 l 941569 (D. Virgin Islands 2011); *Mobley v. Cerro Flow Prods., Inc.*, 2010 WL 55906 (S.D. Ill. 2010); *Clayton v. Cerro Flow Prods, Inc*., 2010 WL 55675 (S.D. Ill. 2010); *see also Lafalier v. Cinnabar Serv. Co., Inc.*, 2010 WL 1486900, at *4 (N.D. Okla. 2010) *citing Galdasti v. Sunvest Communities USA, LLC*, 256 F.R.D. 673, 676 (S.D. Fla.2009) and *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F.Supp.2d 1312, 1316 (M.D. Fla. 2008).

In finding the "event or occurrence" exception applicable under a similar factual scenario, the Virgin Islands District Court in *Abednego v. Alcoa, Inc*. found as follows:

> In our view, the plain meaning of CAFA's mass action exception encompasses this action. The Third Amended Complaint alleges the occurrence of a release of bauxite, red mud, and asbestos from an alumina refinery in St. Croix as a result of Hurricane Georges on September 21, 1998. Plaintiffs maintain that defendants' negligence from improperly containing these hazardous substances caused them personal injuries and property damage. The release penetrated into the neighborhoods surrounding the refinery on that same island. All injuries alleged in the Third Amended Complaint resulted from personal and property exposure to hazardous substances released on St. Croix as a result of that one hurricane. Despite the fact that a number of the plaintiffs subsequently moved away from the Virgin Islands, their property damages and personal injuries were incurred when on St. Croix.

\* \* \*

This exception from the contours of a mass action in CAFA was specifically designed to apply to circumstances such as are pleaded in the plaintiffs' Third Amended Complaint. Alleged here is a chemical release or spill precipitated by a hurricane that struck St. Croix. The injuries happened to persons and property near the alumina refinery from which the chemicals were released. . . .

The plaintiffs' Third Amended Complaint does not qualify as a mass action under CAFA because all the claims arise from a single event or occurrence, that is, a hurricane, in the Virgin Islands, where the action was originally filed, and the allegedly resulting injuries occurred in the Virgin Islands. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

*Abednego*, 2011 l 941569 at \*3-4.

As was the case in *Abednego*, the court finds that the "event or occurrence" exception was specifically designed to apply to the circumstances pleaded in the plaintiffs' Petition. The plain meaning of CAFA's mass action "event or occurrence" exception clearly encompasses this action.

The Petition alleges the occurrence of a release of hazardous fumes from a Multi-Chem facility in New Iberia, Louisiana as a result of an explosion and fire on June 14, 2011. Plaintiffs maintain that defendants' negligence caused them personal injuries and property damage. The release penetrated into the neighborhoods surrounding that facility in New Iberia, Louisiana, and all injuries alleged in the Petition were incurred in, and resulted from, personal and property exposure to the hazardous fumes released in New Iberia, Louisiana as a result of that one explosion and fire.

18

To read the exception as suggested by the defendants ignores the plain language of the statute and relevant legislative commentary which comports with the interpretation this court has adopted.[22] For this reason, the undersigned concludes that the "event or occurrence" exception applies, excluding this action from qualifying as a "mass action" under CAFA, and thereby requiring this court to remand this action to state court.

**Request for Costs, Expenses and Attorney's Fees**

Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendants for improper removal of this case. This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D.La. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, plaintiff's request for costs, expenses and attorney fees will be denied.

---

[22]"The court notes that although "it is error to cloud the plain meaning of a statutory provision with contrary legislative history, it is appropriate to refer to [legislative history]" where "the legislative history comports with the interpretation that has been adopted . . . ." *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F.Supp.2d 1312, 1321 (M.D. Fla. 2008) *quoting Lowery*, 483 F.3d at 1205.

## CONCLUSION

Based on the foregoing, the plaintiffs' Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court. It is further ordered that plaintiffs' request for costs, expenses and attorney's fees will be **DENIED.**

Signed May 21, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE